**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 26-CR-0005-REW**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**V.**                                    **SENTENCING MEMORANDUM**

**TERRY L. MELVIN**                                                        **DEFENDANT**

\*    \*    \*    \*    \*

The United States respectfully requests that this Court sentence Defendant Terry Melvin to 63 months in prison, and deny his request for a sentence of 12 months and a day of imprisonment. A 63-month sentence will reflect the seriousness of the offense, promote respect for the law, provide a just punishment for the offense, and deter others from committing similar criminal conduct. 18 U.S.C. § 3553(a)(2)(A) & (B).

The use of force on inmates and reporting use of force on inmates is governed by federal regulation and Bureau of Prisons policy guidance. "The Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed and staff may only use that amount of force necessary to gain control of the inmate, to protect and ensure the safety of inmates, staff, and others, to prevent serious property damage and to ensure institution security and good order." 28 C.F.R. § 552.20. "Force may not be used to punish an inmate."   28 C.F.R. § 552.22(b).

1

"Staff shall use only that amount of force necessary to gain control of the inmate." 28 C.F.R. § 552.22(c). "Staff shall appropriately document all incidents involving the use of force. . ." 28 C.F.R. § 552.27.   The BOP policy based on these regulations indicates that reports must provide a vivid, detailed description of incidents resulting in the use of force.

As a Lieutenant at United States Penitentiary Big Sandy, Defendant held a position of authority. He had been employed at Big Sandy since 2010, and he knew the regulations and policy governing the use of force and reports for the use of force. However, as he admitted in his plea agreement, the Defendant violated those regulations and policies and improperly used force against inmates, wrote false reports, and conspired with others to make false reports about uses of force. This not only violated the regulations and policies at the Bureau of Prisons, but it also violated the inmates' Constitutional right to be free from cruel and unusual punishment.

It was particularly egregious that Defendant took advantage of individuals who sought protective custody. In the case of J.B., he "pleaded" for protective custody. DE 10, p. 4. However, Defendant and other staff verbally abused and attacked J.B., then wrote false reports blaming him for assaulting them.

The Defendant's behavior eroded not just the trust of the inmates who sought their assistance, but the trust of the community. When officers of the law perpetrate assaults and then lie about it to cover themselves, it erodes the public trust in law enforcement officers and the rule of law itself. A lengthy sentence of imprisonment is appropriate and

2

just punishment for Defendant's offenses.

A lengthy sentence would also deter other Bureau of Prisons correctional officers from committing similar misconduct, particularly those in leadership positions like the Defendant. While the United States does not believe that Defendant will ever be in a position to repeat his criminal conduct, those still working within the Bureau of Prisons should be aware that violations of inmates' rights and obstruction of justice has serious consequences.

<div style="margin-left:40%">

Respectfully submitted,

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

By:  /s/ Emily K. Greenfield
Emily K. Greenfield
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507
(859) 685-4811
Emily.Greenfield@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

On March 23, 2026, I electronically filed this document through the ECF system, which will send notice to counsel of record. I hereby certify that a true and accurate copy of the foregoing has been served by electronic mail to counsel of record.

<div style="margin-left:40%">

/s/ Emily K. Greenfield
Assistant United States Attorney

</div>

3